UNITED STATES DISTRICT COURT`
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STARR INDEMNITY & LIABILITY CO.,                17 Civ. 9881 (LGS)

                Plaintiff,

                                  **REPLY TO COUNTERCLAIMS**

   -against-

MARINE ENVIRONMENTAL
REMEDIATION GROUP, LLC

                Defendant.
------------------------------------------------------------X

        Plaintiff, STARR INDEMNITY & LIABILITY CO. ("SILC" or "plaintiff"), by its attorneys, Nicoletti Hornig & Sweeney, as and for a Reply to the Counterclaims asserted by the defendant MARINE ENVIRONMENTAL REMEDIATION GROUP, LLC ("MER" or "defendant"), alleges upon information and belief as follows:

        1.     Denies the allegations set forth in paragraph 69 of Counterclaims.

        2.     Admits that SILC is an insurance company that issued a pollution liability insurance policy to MER, No. MASILNY0004786, covering the period from June 30, 2016 to June 30, 2017 in exchange for agreed premiums which were paid and except as so specifically admitted, denies the remaining allegations of paragraph 70 of the Counterclaims.

        3.     Admits that in accordance with the terms and conditions of the policy, which speaks for itself, the policy covered certain pollution risks and except as so specifically admitted, denies the remaining allegations of paragraph 71 of the Counterclaims.

        4.     Denies the allegations of paragraph 72 of the Counterclaims.

        5.     Admits that a quantity of oil was released from the wreck and except as so specifically admitted, denies the remaining allegations of paragraph 73 of the Counterclaims.

6.  Admits that in accordance with the terms of the policy, which speaks for itself, SILC responded to the oil spill emanating from the Barge LONE STAR before it had an opportunity to investigate the cause of the sinking to determine whether a reservation of rights or any other objections were available to SILC and further admits that SILC, through Safe Harbors Pollution Company ("Safe Harbors"), provided an initial response to the oil spill and paid for the services of Clean Harbors and other contractors in connection to the oil spill, and except as so specifically admitted, denies the remaining allegations of paragraph 74 of the Counterclaims.

7.  Admits that MER periodically reported some developments to SILC through the insurance brokers and except as so specifically admitted, denies knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 75 of the Counterclaims.

8.  Admits that after the initial clean up of the oil spill, the Coast Guard allowed Clean Harbors to be placed on standby and the clean up entered into a passive collection phase, and except as so specifically admitted, denies the remaining allegations of paragraph 76 of the Counterclaims.

9.  Denies knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 77 of the Counterclaims.

10. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 78 of the Counterclaims.

11. Denies the allegations contained in paragraph 79 of the Counterclaims.

12. Denies the allegations of paragraph 80 of the Counterclaims.

13. Denies the allegations of paragraph 81 of the Counterclaims.

14. Admits that SILC issued a timely reservation of rights letter and that, subject to that reservation of rights, SILC acknowledged its obligations in connection with the removal of the wreck and except as so specifically admitted, denies the remaining allegations of paragraph 82 of the Counterclaims.

15. Admits that the USCG and the Puerto Rico government issued orders that required removal of the wreck and except as so specifically admitted, denies the remaining allegations of paragraph 83 of the Counterclaims.

16. Admits that SILC initially took no action with respect to the order because it was advised that MER would remove the wreck and except as so specifically admitted, denies the remaining allegations of paragraph 84 of the Counterclaims.

17. Admits that the USCG continued to insist that the wreck be removed, and except as so specifically admitted, denies the remaining allegations of paragraph 85 of the Counterclaims.

18. Denies the allegations of paragraph 86 of the Counterclaims.

19. Admits that SILC's diver successfully found a source of the leaking oil and successfully stopped the flow of oil and except as so specifically admitted, denies the remaining allegations of paragraph 87 of the Counterclaims.

20. Admits that SILC advised MER to act as a reasonably prudent uninsured and except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 of the Counterclaims.

21. Denies the allegations of paragraph 89 of the Counterclaims.

22. Denies the allegations contained in paragraph 90 of the Counterclaims.

23. Denies the allegations contained in paragraph 91 of the Counterclaims.

24. Denies the allegations contained in paragraph 92 of the Counterclaims.

25. Admits that MER entered into a wreck removal contract with Resolve and except as so specifically admitted, denies the remaining allegations of paragraph 93 of the Counterclaims.

26. Admits that SILC objected to Resolve collecting a mark-up on top of the exorbitant rates MER proposed to charge Resolve for assisting the wreck removal and except as so specifically admitted, denies the remaining allegations of paragraph 94 of the Counterclaims.

27. Admits that SILC required MER to provide Starr with a $3million mortgage on the MER's crane vessel SEVEN POLARIS and except as so specifically admitted, denies the remaining allegations of paragraph 95 of the Counterclaims.

28. Admits that MER entered into a contract with SILC to provide certain materials and services in connection with the removal of the wreck of the LONE STAR and except as so specifically admitted, denies the remaining allegations of paragraph 96 of the Counterclaims.

29. Denies the allegations contained in paragraph 97 of the Counterclaims.

30. Admits that SILC appointed a surveyor, a salvage expert and a metallurgical expert to observe the removal of the wreck of the LONE STAR who were provided access to the operation for a period of time and except as so specifically admitted, denies the remaining allegations of paragraph 98 of the Counterclaims.

31. Denies the allegations contained in paragraph 99 of the Counterclaims.

32. Denies the allegations contained in paragraph 100 of the Counterclaims.

33. Admits that after a meeting in SILC's office to review the errors in the invoices rendered by MER, a tentative compromise was reach under which SILC would make a

payment on account and MER would continue to provide its services in accordance with the terms of the contract and except as so specifically admitted denies the remaining allegations contained in paragraph 101 of the Counterclaims.

34. Admits that SILC continued to refuse to pay for amounts not properly invoiced under the terms and conditions of the contract and except as so specifically admitted denies the remaining allegations contained in paragraph 102 of the Counterclaims.

35. Denies the allegations contained in paragraph 103 of the Counterclaims.

### **RESPONDING TO COUNT I OF THE COUNTERCLAIMS**

36. Repeats and realleges paragraphs 1 to 35 in response to paragraph 104 of the Counterclaims.

37. Denies the allegations contained in paragraph 105 of the Counterclaims.

39. Admits that as a responsible pollution liability underwriter, SILC immediately initiated a response to the oil spill before it had an opportunity to investigate the cause of the sinking of the LONE STAR to determine whether it was a covered event under the policy, and except as so admitted denies the allegations contained in paragraph 106 of the Counterclaims.

40. Denies the allegations contained in paragraph 107 of the Counterclaims.

41. Denies the allegations contained in paragraph 108 of the Counterclaims.

42. Denies the allegations contained in paragraph 109 of the Counterclaims.

43. Denies the allegations contained in paragraph 110 of the Counterclaims.

44. Denies the allegations contained in paragraph 111 of the Counterclaims.

45. Denies the allegations contained in paragraph 112 of the Counterclaims.

46. Denies the allegations contained in paragraph 113 of the Counterclaims.

### RESPONDING TO COUNT II OF THE COUNTERCLAIMS

47. Repeats and realleges paragraphs 1 to 46 in response to paragraph 114 of the Counterclaims.

48. Denies the allegations contained in paragraph 115 of the Counterclaims.

49. Denies the allegations contained in paragraph 116 of the Counterclaims.

50. Denies the allegations contained in paragraph 117 of the Counterclaims.

### RESPONDING TO COUNT III OF THE COUNTERCLAIMS

51. Repeats and realleges paragraphs 1 to 50 in response to paragraph 118 of the Counterclaims.

51. Denies the allegations contained in paragraph 119 of the Counterclaims.

52. Denies the allegations contained in paragraph 120 of the Counterclaims.

### RESPONDING TO COUNT IV OF THE COUNTERCLAIMS

53. Repeats and realleges paragraphs 1 to 52 in response to paragraph 121 of the Counterclaims.

54. Denies the allegations contained in paragraph 122 of the Counterclaims.

55. Denies the allegations contained in paragraph 123 of the Counterclaims.

56. Denies the allegations contained in paragraph 124 of the Counterclaims.

57. Denies the allegations contained in paragraph 125 of the Counterclaims.

### RESPONDING TO COUNT V OF THE COUNTERCLAIMS

58. Repeats and realleges paragraphs 1 to 57 in response to paragraph 126 of the Counterclaims.

59. Denies the allegations contained in paragraph 127 of the Counterclaims.

60. Denies the allegations contained in paragraph 128 of the Counterclaims.

61. Denies the allegations contained in paragraph 129 of the Counterclaims.

**RESPONDING TO COUNT VI OF THE COUNTERCLAIMS**

62. Repeats and realleges paragraphs 1 to 61 in response to paragraph 130 of the Counterclaims.

63. Denies the allegations contained in paragraph 131 of the Counterclaims.

WHEREFORE, plaintiff STARR INDEMNITY & LIABILITY CO. prays for judgment against defendant MARINE ENVIRONMENTAL REMEDIATION GROUP, LLC dismissing the Counterclaims and granting the relief prayed for in the Complaint, together with such other and further relief this Court may deem just and proper.

Dated: New York, New York
March 22, 2017

                NICOLETTI HORNIG & SWEENEY
                *Attorneys for Starr Indemnity & Liability Co.*

                By: s/ Guerric S.D.L. Russell
                     Guerric S.D.L. Russell (GR-4845)
                     Wall Street Plaza
                     88 Pine Street, 7th Floor
                     New York, New York 10005-1801
                     Tel: (212) 220-3830
                     Fax: (212) 220-3780
                     E-mail: grussell@nicolettihornig.com
                     (FILE NO.:  28000215 GSR/TLS)

TO: ALL COUNSEL OF RECORD VIA ECF